PETERSON *v.* MARK.

LOST CHILD—REWARD—EVIDENCE.

> Testimony that a boy, for whom defendant had offered a reward, was, when seen by plaintiff, several miles from home, and that he said he was going home, but was in reality going in the opposite direction, and that plaintiff then kept possession of him until he was delivered to his friends, warrants an inference that the boy was lost.

Error to Gogebic; Haire, J.   Submitted October 7, 1903.   (Docket No. 8.)   Decided October 27, 1903.

*Assumpsit* by George Peterson against Samuel L. Mark to recover a reward offered for a lost boy.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Julius J. Patek,* for appellant.

*Herb. M. Norris,* for appellee.

CARPENTER, J.   One Ben Mullewitch, a 16-year-old boy, was for several days lost in the woods of the Upper Peninsula.   Defendant offered a reward of $150 "for the delivery of the boy."   Plaintiff, claiming that he was entitled to the reward, brought this suit, and recovered in the court below.   Defendant seeks to reverse the judgment on the ground that it appeared by the undisputed testimony that the boy was not lost when plaintiff discovered him.

Three witnesses, namely, the boy, Ben Mullewitch, one Mary Mullesza, and the plaintiff himself, testify on this subject.   According to the testimony of the two witnesses first named, the boy, in his wanderings, after striking the road upon which he was traveling when he met plaintiff, followed it five or six miles, until he came to the house of Mary Mullesza.   There he was given his breakfast and

informed of his location. He then started on this road for North Bessemer, and after going about half a mile he met the plaintiff. We should infer from the testimony of these witnesses that the boy at this time knew his whereabouts, and was on his way home, with full appreciation of his location and surroundings, and fully possessed of all his faculties, and was therefore in no sense lost.

Can a different inference be drawn from the testimony of the plaintiff? Plaintiff drove a stage between Bessemer and North Bessemer. He testifies that on the 17th of July, 1902, while waiting for the arrival of the train at North Bessemer, he left his stage, and walked a short distance "down the road, to find the boy. I found him in the highway, coming towards North Bessemer. He was picking berries. * * * Then I took him in the stage. * * * We stayed there and talked a few minutes, and he says, 'I guess I will go home.' * * * I just thought to myself which way he wants to go, and he got out of the bus and walked towards the depot, and started up towards Thomaston. * * * I says, 'Come back; you are going the wrong way;' and I got him back into the stage, and he got to questioning me about a bridge that crossed over from Canada into this country. He asked me how far we were from that bridge." (We may take judicial notice that the bridge referred to was at Sault Ste. Marie, several hundred miles distant.) Plaintiff gave further testimony indicating that he kept possession of the boy until he was taken by friends, who delivered him in accordance with the conditions of the reward.

We think it may be inferred from this testimony that the boy, when plaintiff met him, had not yet learned to fully appreciate his location and surroundings; that he had not yet recovered such possession of his faculties as to enable him to find his home; and therefore that he was, in a sense, a lost boy.

No other prejudicial error is complained of.

The judgment will be affirmed, with costs.

The other Justices concurred.